# TURTURRO LAW, P.C.

**Main Brooklyn Office**
1602 McDonald Avenue, Brooklyn, NY 11230

**Phone:** (718) 384-2323 ● **Fax:** (718) 384-2555 ● **E-Mail:** natraj@turturrolawpc.com ● www.turturrolawpc.com

Matthew J. Turturro, Esq. (Managing Partner)
*Natraj S. Bhushan, Esq. (Partner)
Paulina Bellantonio, Esq. (Associate)
Anthony A. Nozzolillo, Esq. (Of Counsel)
*Admitted in NY and NJ

By **August 24, 2022**, Plaintiff shall file a response, not to exceed three pages.  So Ordered.

Dated:  August 19, 2022
             New York, New York

August 18, 2022

*Via ECF*
Hon. Lorna G. Schofield
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

**RE: Joseph Borgen v. Faisal Elezzi, et al; DOCKET NO. 22-cv-4105 (LGS)**
*Letter Requesting Pre-Motion Conference*

Dear Judge Schofield,

The undersigned is counsel to the defendant Faisal Elezzi ("Faisal") in this matter. For reasons set forth below, I write pursuant to your honor's Individual Rules of Practice, Part III. A, requesting a pre-motion conference in connection with Faisal's request to stay this action pending resolution of the criminal indictment against him in New York County's Supreme Court, Criminal Term under arrest number M21615486.

It is well settled that a federal court has the discretion to stay a civil case pending resolution of a related state court criminal action, if the interests of justice so require. *See, e.g., Deakins v. Monaghan*, 484 U.S. 193, 202, 108 S. Ct. 523, 529-30, 98 L. Ed. 2d 529 (1988). Moreover, a stay is most appropriate "where a party under criminal indictment is required to defend a civil proceeding involving the same matter." *Volmar Distribs., Inc. v. New York Post Co.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993).

Here, as noted above, Faisal remains under criminal indictment with his next court appearance scheduled for some time in October 2022. The criminal indictment seems to be moving along without delay. Nonetheless, denying him a stay in this civil action will, *inter alia*, undoubtedly impair his Fifth Amendment privilege against self-incrimination. *See, e.g., Trustees v.*

1

*Transsworld Mechanical*, 886 F. Supp. at 1138, 1140-41; and, it may expose his defense's theory to the prosecution in advance of trial, or otherwise prejudice the criminal case.

For these reasons, a conference is being sought regarding a forthcoming stay motion. This is a first request for the relief being sought herein.

Respectfully submitted,<br>
**TURTURRO LAW, P.C.**<br>
By: <u>Natraj S Bhushan</u>

To (via ECF): all counsel of record