# David I. Schoen
Attorney at Law

Admitted in
Alabama
Maryland
New York
District of Columbia

2800 Zelda Road
Suite 100-6
Montgomery, AL 36106

Telephone
334.395.6611

Facsimile
917.591.7586

Email
david@schoenlawfirm.com

August 24, 2022

Honorable Lorna G. Schofield
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007
Via ECF

Re: *Borgen v. Elezzi, et al.*; Case No. 22-cv-4105 (LGS)

Dear Judge Schofield:

    I represent the Plaintiff, Joseph Borgen, in the above-referenced case. I am writing to the Court pursuant to Section III. A. of Your Honor's Individual Rules and Procedures for Civil Cases and the Court's Order of August 19, 2022, [ECF# 22], to respond to Defendant Faisal Elezzi's pre-motion conference letter advising that he intends to seek a stay of this action pending a resolution of the pending criminal case against him in New York Supreme Court.[1] [ECF# 21].

    Ordinarily, I would agree that a stay, at least of discovery, is appropriate, where, as here, an indictment already has been returned against the civil defendant, arising from the same set of facts at issue in the civil case and, indeed, the matter is one over which the Court has broad discretion. As a general matter, this case presents a strong argument for a stay, given the direct overlap between the facts at issue in the criminal case and in this instant civil case and the fact that an indictment already has been returned against Defendant Elezzi. But the Answer Mr. Elezzi has filed provides reason for pause in coming to the conclusion that a stay is appropriate.

    "There is of course no constitutional right to a stay of a civil case because of the pendency of related criminal charges even if denial of such relief places the movant in the awkward position of either surrendering his Fifth Amendment privilege or running the risk that the invocation of the privilege will be used against him in the civil case. *See, e.g., Nosik v. Singe*, 40 F.3d 592, 595 (2d Cir. 1994); *Beacon Hill Asset Mgmt. LLC v. Asset Alliance Corp.*, 2003 U.S. Dist. LEXIS 5671, 2003 WL 1845208, *1 (S.D.N.Y. March 25, 2003). Indeed there is no *right* to be free of inferences from the assertion of the privilege. *Baxter v. Palmigiano*, 425 U.S. 308 (1976). The decision whether to grant such a stay rests in the discretion of the district court. *See, e.g., Nosik*, 40 F.3d at 595; *Afro-Lecon, Inc. v. United States*, 820 F.2d 1198, 1202 (Fed. Cir. 1987) ; *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1374-75 (D.C. Cir. 1980); *Sterling Nat'l*

---

[1] Defendant Elezzi currently has pending against him a criminal indictment that charges him with the crime of "Assault in the Third Degree as a Hate Crime" in violation of New York Penal Law §120.00(1)(h). *People v. Elezzi et al.*, Case No. 012138-2021 (New York County). The criminal charge is based on Mr. Elezzi's role in the brutal AntiSemitic attack that is at issue in the instant case.

*Bank v. A 1 Hotels Int'l, Inc.*, 175 F. Supp. 2d 573, 575-76 (S.D.N.Y. 2001). In assessing the question, the court "must make a highly fact-bound inquiry into the 'particular circumstances and competing interests involved in the case", *id.* at 576 (*quoting Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989)), with a view to determining whether "'the interests of justice seem to require such action.'" *Dresser*, 628 F.2d at 1375 (*quoting United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970)). *See also Beacon Hill*, 2003 U.S. Dist. LEXIS 5671, 2003 WL 1845208 at *1 *(citing inter alia Kashi v. Gratsos*, 790 F.2d 1050, 1057 (2d Cir. 1986))." *Fendi Adele S.R.L. v. Ashley Reed Trading, Inc.*, 2006 U.S. Dist. LEXIS 64245, *3-5, 2006 WL 2585612 (S.D.N.Y., Sept. 8, 2006)

As noted, it certainly is within the district court's discretion to grant a stay of discovery or of the entire proceeding, where there is an overlapping parallel criminal case pending against a party to the civil case. "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) (*quoting Landis v. N. Am. Co.*, 299 U.S. 248, 254. Where a defendant in a civil action is subject to an overlapping criminal proceeding, courts consider the following factors in deciding whether a stay of the civil proceeding is warranted: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; (6) the public interest. *Id.* at 99 (citation omitted). In the final analysis, the district court's decision must rest upon "a particularized inquiry into the circumstances of, and the competing interests in, the case." *Id.* (quotation omitted)." *Harrington v. Crater*, 2021 U.S. Dist. LEXIS 54062, *9-10, 2021 WL 1091911 (E.D.N.Y., March 22, 2022)

Defendant Elezzi claims in his letter to the Court that denying a stay here not only would "impair his Fifth Amendment privilege against self-incrimination;" it also "may expose his defense's (sic) theory to the prosecution in advance of trial or otherwise prejudice the criminal case." [ECF# 21 at 1-2]. Those certainly are traditional concerns in this context.

The problem with the expressed concern here, though, is that, at the same time Defendant Elezzi seeks a stay purportedly to avoid exposing his theory of the case, he has filed an Answer that does just that, and more. In his Answer, Defendant Elezzi asserts that Mr. Borgen is to blame for causing his own serious injuries. [ECF# 20 at 4]. If Mr. Elezzi truly were concerned about exposing his defense theory, he had alternatives available to him other than filing an Answer making this kind of offensive and inflammatory assertion and then seeking a stay, rendering Mr. Borgen unable to address this outrageous claim.

For example, prior to serving Mr. Elezzi with the summons and complaint, I reached out to his attorney in the criminal case and offered to work in coordination with him to provide more time for Mr. Elezzi to respond and otherwise accommodate him, if he would accept service and not put Mr. Borgen to the expense of serving him. I asked whether he were interested in executing a waiver of service. Counsel said he needed to arrange for a civil lawyer to be

involved, but then did not respond further. Alternatively, Mr. Elezzi could have avoided filing an Answer with such an assertion by seeking to amend his Answer later in the case. *See e.g. Arden Way Assocs. v. Boesky*, 660 F. Supp. 1494, 1499 (S.D.N.Y. 1987).

It is fundamentally unfair to allow Mr. Elezzi to attack Mr. Borgen, while demanding a stay of all proceedings, rendering Mr. Elezzi unable to seek the basis for that assertion through discovery and to demonstrate that it is false.

Additionally, there certainly is an alternative to staying all proceedings in this action. For example, the Court could pause discovery from this Defendant for a time period if the Court deemed it appropriate, *see Green v. Cosby*, 177 F. Supp. 3d 673, 681 (D. Mass. 2016) or have Defendant's Elezzi's deposition go last. *Fendi Adele S.R.L. v. Ashley Reed Trading, Inc.*, 2006 U.S. Dist. LEXIS 64245, *11, 2006 WL 2585612 (S.D.N.Y., Sept. 8, 2006).

In any event, the other Defendants who have been served but failed to respond to the complaint should not be permitted to benefit from a stay of all proceedings. The case must be permitted to go forward at least insofar as a default and default judgment can be entered against them upon proper application. Additionally, service against the Defendants not yet served should be permitted.

In short, Mr. Borgen leaves it to the Court's discretion as to how best to proceed in light of the relevant factors attending this issue. There is no question about the overlap in issues or that an indictment is pending. There also is no doubt about the Court's, Mr. Borgen's and the public's interests in having a resolution in this case as expeditiously as possible, especially with outstanding medical needs and bills for Mr. Borgen. The Court's decision should at least be informed by the factors mentioned above and a weighing of the relevant interests.

Respectfully,

David I. Schoen
Counsel for the Plaintiff

cc: Via ECF

Application **GRANTED**. For substantially the reasons stated in Plaintiff's letter, the proceedings against Defendant Elezzi are stayed pending resolution of the criminal indictment against him in New York Court's Supreme Court, but the proceedings are not stayed as to the other Defendants. Plaintiff shall continue his efforts to serve Defendants Othman and K.A. (*See* Dkt. No. 19) The initial conference scheduled for September 7, 2022, is **ADJOURNED** to **December 7, 2022**, at **4:10 p.m.** By **November 30, 2022**, the parties shall file a joint letter and proposed case management plan. (*See* Dkt. No. 5.) The Clerk of Court is respectfully directed to close the motion at Dkt. No. 21.

Dated: August 25, 2022
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE