**MEMO ENDORSED**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/20/2024
```

David I. Schoen<br>
Attorney at Law<br>
2800 Zelda Road, Suite 100-6<br>
Montgomery, Alabama 36106<br>
Tel. 917-941-7952; Email: Schoenlawfirm@gmail.com

February 14, 2024

Honorable Jennifer H. Rearden  
United States District Judge  
United States District Court  
Southern District of New York  
500 Pearl Street  
New York, New York 10007-1312      Re: *Borgen v. Elezzi, et al*.; Case No. 22-cv-4105 (JHR)  
\* Via ECF \*

Dear Judge Rearden:

I represent the Plaintiff, Joseph Borgen, in the above-referenced case. I am writing today to respectfully ask the Court to lift the stay currently imposed in this case as to all defendants, in light of the resolution of their criminal cases.

As noted in my May 17, 2023 letter to the Court, [ECF# 32], this case arises from the brutal beating of the Plaintiff, Mr. Borgen, committed by the Defendants, driven by their virulent anti-Semitic animus [ECF# 1 at 5, ¶ 1].[1] Each of the defendants in this case was indicted in New York County Supreme Court in connection with their respective roles in Mr. Borgen's brutal beating. Each has now been convicted and sentenced.

On August 25, 2022, at the request of counsel for Defendant Faisal Elezzi, a stay of all proceedings as to Mr. Elezzi was entered, pending a resolution of the criminal proceedings against him [ECF# 24]. On December 5, 2022, the Court entered a stay of all proceedings as to

---

[1] https://www.newsweek.com/joseph-borgen-jewish-man-beaten-nyc-attack-says-face-felt-like-it-was-fire-suspect-arrested-1593927

all defendants, pending the resolution of the criminal cases against them [ECF# 31].

As noted above, the criminal cases as to all of the defendants have now been resolved, with each of them having been convicted and sentenced for their role in the anti-Semitic beating of Mr. Borgen. I have attached hereto as composite Exhibit 1, a certified copy of the Certificate of Disposition for each defendant, provided by the Clerk's Office of the New York Supreme Criminal Court, where each defendant was convicted and sentenced.[2]

Consistent with the Court's Stay Order, I am now reporting to the Court that each of the defendants' criminal case has been resolved, requesting that the Stay be lifted, and "proposing next steps in this litigation." [ECF# 31].

Subject to the Court's view, of course, it seems to me that perhaps the best "next step" would be to have a status conference. I would like to address the matter of the Amended Complaint which, as I have written, I believe is to be filed as of right [ECF# 32; 33]. I also would like to address the motions for entry of default that I have filed as to defendants Othman/Othaman, Musa, and Awawdeh. [ECF## 27, 28, 29].[3] In addition I would like to discuss

---

[2] In addition to the Certificate of Disposition for each of the four original adult defendants, I have also included for the Court's reference the Certificate of Disposition for Defendant Mohammed Said Othman, who the Plaintiff seeks to add to the case by Amended Complaint. The Court might recall that it temporarily lifted the Stay to grant leave for me to file the Amended Complaint, which I asserted that I was filing as of right, subject to considering any arguments, once the stay is lifted, as to whether it can be filed as of right or requires leave of Court to file. [See ECF## 32 & 34]. I have not been able to ascertain the status of the proceedings in New York County Supreme Court as to the juvenile defendant, "K.A" and so I have not filed any Certificate of Disposition as to him.

[3] All of the current defendants (except the juvenile "K.A.") have been served with the Complaint and Summons [ECF## 14, 15, 16, 26], and motions for entry of default have been filed as to defendants Awawdeh, Musa, and Othman/Othaman [ECF## 27, 28, 29]. The motions were denied with leave to renew [ECF# 31]. To avoid any confusion for the Court, please note that one of the original defendants is Mohammed Othman (aka Mohammed Othaman) and the

my plan to file motions for summary judgment, in light of the criminal convictions directly relevant to the allegations in the Complaint (and Amended Complaint).[4]

One complicating factor in holding a status conference is that at least two of the original defendants are incarcerated in New York State prisons as a result of the sentences imposed for their roles in Mr. Borgen's beating (Musa and Othman/Othaman). I was not able to find the defendant to be added by Amended Complaint, Mohammed Said Othman, in the New York Department of Corrections records yet, perhaps because his sentence was imposed too recently. He should appear in their records very soon, given the sentence of incarceration imposed on him two weeks ago on his hate crime assault and attempted gang assault felony convictions [See Exhibit 1 at Page 5]. Defendant Elezzi appears to have finished his sentence of incarceration and is represented by counsel in this Court. [See ECF## 20 & 21]. Defendant Awawdeh appears to have finished his sentence of incarceration, as he too does not appear in the search of the New York Department of Corrections records that I conducted.

I am serving a copy of this letter motion on Defendant Elezzi by ECF through counsel of record, on Defendants Musa and Othman/Othaman by mail addressed to their places of

---

defendant to be added by the Amended Complaint is Mohammed Said Othman.

[4] *See, e.g., Belsito v. Cty of Erie*, 2021 U.S. Dist. LEXIS 134541, 2021 WL 3053386 (W.D.N.Y., July 19, 2021); *New York v. Julius Nasso Concrete Corp.*, 202 F.3d 82, 86 (2d Cir. 2000) ("A criminal conviction, whether by jury verdict or guilty plea, constitutes estoppel in favor of the United States in a subsequent civil proceeding as to those matters determined by the judgment in the criminal case."); *Mishkin v. Ageloff*, 299 F. Supp. 2d 249, 253 (S.D.N.Y. 2004) (Same). *See also*, *Get v. Royal Globe Ins. Co.*, 798 F.2d 38, 43 (2d Cir. 1986) (Because mutuality of estoppel is no longer an absolute requirement under federal law, a party other than the Government may assert collateral estoppel based on a criminal conviction.).

incarceration listed in the New York State Department of Corrections records.[5]  I have no address for Defendant Awawdeh [See ECF# 15 regarding his conduct and the conduct of his criminal attorney when service of the Summons and Complaint was executed] and so I cannot provide him with a copy of this letter motion.

       I thank Your Honor for the Court's consideration.

Respectfully,

/s/ David I. Schoen
David I. Schoen
Counsel for the Plaintiff

cc: Counsel of Record (for Defendant Elezzi) via ECF;
    *Pro se* Defendant Musa and Defendant Othman/Othaman by mail;

---

Application GRANTED IN PART.  The stay ordered in ECF No. 31 is hereby lifted.  In light of developments in the criminal cases against Defendants in the Supreme Court, New York County, the Court hereby grants leave to amend the Complaint, *nunc pro tunc*, *see* Fed. R. Civ. P. 15(a)(2), "solely for the purpose of adding Mohammed Said Othman as a Party Defendant."  ECF No. 32 at 2-3.  To the extent Plaintiff wishes to re-file his motion(s) for default judgment, he may do so.  *See* ECF No. 31 (denying motions for default judgment without prejudice to renewal).

Plaintiff shall serve a copy of this Order on all Defendants at each Defendant's last known address by **Tuesday, February 27, 2024**.  The Clerk of Court is directed to terminate ECF No. 35.  SO ORDERED.

*Jennifer H. Rearden* (signature)
Jennifer H. Rearden, U.S.D.J.
Dated: February 20, 2024

---

[5]  Defendant Musa entered his *pro se* appearance on October 6, 2022 and provided a home address which appears on the docket; but the New York Department of Corrections reflects his current place of incarceration at the Orleans Correctional Facility at 3531 Gaines Basin Rd., Albion, NY 14411-9199; so he will be served by mail at that address.  Defendant Othman/Othaman is listed at Mid-state Correctional Facility, located at 9005 Old River Rd., Marcy, NY 13403 and he will be served by mail there.