USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/14/2025

David I. Schoen
Attorney at Law
2800 Zelda Road, Suite 100-6
Montgomery, Alabama 36106
Tel. 917-941-7952; Email: Schoenlawfirm@gmail.com

April 11, 2025

Honorable Jennifer H. Rearden
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007-1312
* Via ECF *

**MEMO ENDORSED, p.6**

Re: *Borgen v. Elezzi, et al.*; Case No. 22-cv-4105 (JHR)

Dear Judge Rearden:

I represent the Plaintiff, Joseph Borgen, in the above-referenced case and write to the Court pursuant to Section 2. A. of the Court's Individual Rules and Practices in Civil Cases.

Earlier today, the Court issued an Order to Show Cause requiring the Plaintiff to file motions for default judgment against Defendants Waseem Awawdeh and Mohammed S. Othman by April 21, 2025, or show cause why this action should not be dismissed as to those defendants [ECF# 65]. I write to seek some clarification of the Court's Order, to explain why the motions for default judgment have not yet been filed, to seek a modification of the terms for compliance, and to show cause as to why the should not be dismissed as to the two referenced defendants.

**Relevant Background**

There are six defendants in this case. One was a minor at the time of the brutal anti-semitic attack underlying the case and the District Attorney's office has withheld his actual identity; so he still has not been served with the Complaint and Amended Complaint (Defendant "K.A."). The other defendants are Faisal Elezzi, Waseem Awawdeh, Mohammed Othman,

1

Mohammed S. Othman, and Mahmoud Musa.

Defaults have been entered by the Clerk of Court against four of the defendants: Defendants Musa [ECF# 52, dated 9/18/2024], Mohammed Othman [ECF# 55, dated 9/20/2024], Awawdeh [ECF# 63, dated 9/23/2024], and Mohammed S. Othman [ECF# 61, 9/23/2024]. Counsel has appeared for Defendant Elezzi and he filed an Answer to the Complaint [ECF# 20] and an Answer and cross-claim to the Amended Complaint [ECF# 47]. As the Court has noted [ECF# 65 at 2], on November 6, 2024, six weeks after the entry of the default against him, Defendant Mohammed S. Othman filed an opposition to the entry of default against him [ECF# 64]. There has been no action in the case since that opposition was filed.

## Plaintiff Respectfully Seeks Some Clarification

The Court's April 11, 2025 Order refers only to the defaults entered against two of the Defendants,[1] makes no mention of the defaults entered against the two others with respect to whom defaults have been entered, and makes no mention of the other two defaults. I would respectfully request clarification as to why two defendants are distinguished from the others.

## Why Default Judgment Motions Have Not Yet Been Filed

The Court's Order to Show Cause comes as a surprise to us, given what we had believed the status to be. I certainly apologize for any misunderstanding. As will be explained below, when this case was stayed at the defendants' request, Judge Schofield had directed me to propose "next steps" in the case when it was re-activated. I followed that Order and proposed a status

---

[1] The Order [ECF# 65] refers on page one to "Defendants Waseem Awawdeh and Mohammed S. Othman" and then in the remainder of the Order to "Defendant Awawdeh" and "Defendant Othman" in apparent reference to Defendant Mohammed S. Othman. No mention is made of the defaults entered against Defendants Musa and Mohammed Othman.

conference as the most appropriate "next step" for reasons that I provided [ECF# 35 at 2]. That request remains outstanding and I did not think it appropriate to impose on the Court's busy calendar by seeming impatient and pushing the issue. The following is the relevant background:

When this case was first filed, it was assigned to Judge Schofield. Judge Schofield set an initial conference in the case [ECF# 5]; but that conference had to be adjourned due to difficulties serving the defendants [ECF## 12, 13].

The Order setting the initial conference and Judge Schofield's Individual Rules required service on each defendant of certain documents designated by the Court. Those documents could not be served for the reasons set out in the undersigned's status report to the Court [ECF# 12].

The initial conference was re-scheduled. Before it could be held, counsel for Defendant Elezzi moved to stay the case while the criminal proceedings were pending [ECF# 21]. That motion was granted, with proceedings to go forward as to the other defendants [ECF# 24].

All defendants were served and when no timely response to the Complaint against them was filed, motions for entry of default were filed as to each [ECF## 27-29]. On November 30, 2022, I filed another status report [ECF# 30].

On December 5, 2022, Judge Schofield entered an Order staying all proceedings in the case pending the resolution of the related criminal cases and denying without prejudice the then pending motions for entry of default [ECF# 31]. The Court's Order directed me to advise the Court when the criminal proceedings had been resolved and to propose "next steps" in this matter [ECF# 31]. The case was then reassigned to Your Honor on February 9, 2023.

The stay was temporarily lifted to permit the filing of an Amended Complaint, adding Defendant Mohammed S. Othman, who was convicted after the other defendants [ECF# 34].

Finally, the criminal proceedings were resolved and, as had earlier been ordered by Judge Schofield, on February 14, 2024, I filed a letter with Your Honor so reporting [ECF# 35]. As the "next step" in the case, which Judge Schofield had ordered me to propose, I requested a status conference before Your Honor [ECF# 35 at 2]. I also provided Your Honor with proof of the criminal convictions of each defendant [ECF# 35-1].

On February 20, 2024, Your Honor lifted the stay of these proceedings and permitted me to re-filed motions for entry of default [ECF# 36]. On February 27, 2024, I filed another status report with the Court [ECF# 39]. Following that status report, Defendant Mohammed S. Othman (and the other defendants) was served with the Amended Complaint, Defendant Elezzi filed his Answer and Cross-Claim, defaults were entered against the four defendants, and Defendant Mohammed S. Othman filed his opposition to the entry of default against him.

Mr. Borgen has been working to put together his various medical records and other damages evidence in support of eventual motions for default judgments against the four defaulting defendants, but we clearly had a misunderstanding of the Court's perception of the status of the proceedings.

We had been waiting for the Court to schedule the status conference I had requested, consistent with Judge Schofield's Order directing me to propose "next steps" when the stay was lifted, and, more recently, we were awaiting action on Defendant Mohammed S. Othman's opposition to the Clerk's entry of default. I did not want to proceed in piecemeal fashion nor impose on the Court to push again for the status conference until it suited the Court's schedule.

### **Plaintiff Respectfully Seeks Modification of the Show Cause Order**

It would appear that the Court does not find the "next step" that I proposed (a status

conference) to be necessary or appropriate. Similarly, the Court does not find action on Defendant Mohammed S, Othman's opposition to the entry of default to require further consideration. Instead it has directed Plaintiff to file default judgment motions as to two of the four defendants against whom a default has been entered.

The Court's Order took us completely by surprise. It was issued on the eve of our Sabbath and the Passover holiday, with work prohibited for both Plaintiff and me from this evening until late at night on April 14, 2025 and then again on April 19th and 20th due to our religious observance. The motions for default judgment in this case, in compliance with Attachment A of the Court's Rules and Practices, require a great deal of preparation to reflect the egregious conduct and the physical, emotional, economic, and punitive damages at issue, and rely on various kinds of records. Mr. Borgen is in Israel at the present time. It is physically impossible to prepare and file the motions for default judgment by April 21, 2025.

Accordingly, I would respectfully ask the Court to give Mr. Borgen an additional sixty (60) days to file the motions for default judgment. I would also respectfully ask the Court to modify the Order to the extent it requires service of the Order on the defendants via overnight courier [ECF# 65 at 2]. Mr. Borgen is a man of modest means. Putting aside exorbitant expenses and time lost from work as a result of the actual injuries, he had to spend a couple thousand dollars just trying to serve the defendants, filing this case, and obtaining relevant court records and documents. Overnight mail imposes an additional not insignificant expense on him.

With Respect and Appreciation for the Court's time,

/s/ David I. Schoen

cc: All defendants by mail; defense counsel by ECF

On December 5, 2022, the Court (Schofield, J.) stayed this case against Defendants Awawdeh, Musa, Othman, and K.A. pending resolution of the criminal indictments against them in New York State Supreme Court. ECF No. 31. The Court also denied Plaintiff's motions for a default judgment against Defendants Awawdeh, Musa, and Othman without prejudice. ECF No. 31. On February 14, 2024, following reassignment of the case to this Court, Plaintiff reported that each of the Defendants' criminal proceedings had been resolved; requested that the stay be lifted; and proposed next steps, including amending his complaint to add Mohammed S. Othman as a Defendant. *See* ECF No. 35; *see id.* at 2-3 n.3 (distinguishing original Defendant Mohammed Othman from Mohammed S. Othman). Although Plaintiff requested a status conference, he acknowledged as a "complicating factor" that two of the Defendants were incarcerated and that he had no address for a third Defendant at which to serve his application. *Id.* On February 20, 2024, the Court lifted the stay, granted leave to amend for the purpose requested by Plaintiff, and allowed Plaintiff to refile his motions for a default judgment. *See* ECF No. 36. Six months later, on August 26, 2024, Plaintiff stated that he intended to pursue the entry of default and default judgments as to all of the Defendants except for Elezzi, who answered the Amended Complaint that same day. *See* ECF Nos. 46, 47. Plaintiff filed motions for the entry of default by the Clerk of Court, *see* ECF Nos. 43, 44, 48, 49, but the Clerk rejected those motions due to filing errors and posted notices to re-file on August 28, 2024. Plaintiff filed and obtained certificates of default from the Clerk of Court. *See* ECF Nos. 52, 55, 61, 63. More than six months thereafter, Plaintiff had not moved for default judgment.

As requested, Plaintiff's deadline to seek default judgments against Defendants Musa, Awawdeh, Mohammed Othman, and Mohammed S. Othman is hereby extended sixty days, to **June 20, 2025**. Plaintiff shall consult Attachment A of the Court's Individual Rules and Practices.

By **April 25, 2025**, Plaintiff shall serve a copy of this Order on Defendants. As requested, Plaintiff need not use an overnight courier. Instead, he may effect service in person or by regular mail. Within **two business days of service**, Plaintiff shall file proof of service on the docket.

SO ORDERED.

*Jennifer H. Rearden*
Jennifer H. Rearden, U.S.D.J.
Dated: April 14, 2025